Francis X. Conlon, J.
The defendant, B. A. Mayer, Newman, Inc., moves for summary judgment. The action is brought for a judgment declaring that plaintiffs are the owners of a certain policy of insurance.' The policy is dated May 12,1948. It insures upon the life of the plaintiff Julius Newman. The beneficiary is B. A. Mayer & Co., Inc., which is in fact the moving defendant. It is not disputed that the corporation paid the premiums. The *674 stockholders of the corporation, plaintiff Julius Newman and B. A. Mayer, agreed in writing on February 11, 1952 that the life insurance, payable on the death of either of those parties to the corporation, shall be paid by the corporation immediately upon its receipt to the surviving widow of the deceased party and that the life insurance is not to be considered an asset of B. A. Mayer & Co., Inc., in valuing the assets of the corporation for the purpose of determining the value of the stock of the deceased party in the corporation. Later, by agreement made on July 27, 1955, the plaintiff Julius Newman sold his stock in the corporation to B. A. Mayer. In the meantime, the corporation had borrowed a sum of money from the Trade Bank & Trust Company, transferred the policy as collateral security and assigned the policy to the bank by an instrument of collateral assignment and power of attorney dated June 29,1955 and which granted to the bank the right to surrender the policy and to receive the cash surrender proceeds in the event of a default in repayment of the loan. That assignment was executed by the corporation and by the plaintiff Julius Newman. Not only did plaintiff part with all interest in the policy and in the corporation, but in addition on May 14, 1956 the corporation requested the bank to surrender the policy, to apply for its cash surrender value and to apply the proceeds thereof to the unpaid balance of the loan. No right in plaintiff to the proceeds had existed until death and payment of the benefit to the corporation. Indeed, by the agreement and the policy, the benefit was in the first instance payable to the corporation and by the latter to the plaintiff’s widow. In the meantime, and particularly before the sale of plaintiff’s stock, the corporation had the right to furnish the policy as collateral as it did, and after the sale of plaintiff’s stock to use the proceeds in payment of the loan. The motion is granted.
Settle order.